*Seghers* for the plaintiff, *Carleton* for the defendants.

---

## SYNDICS OF T. JOHNSTON vs. BREEBLOVE & AL.

Merchants books do not prove against other merchants the sale and delivery of the articles therein mentioned.

APPEAL from the court of the parish and city of New Orleans.

MATHEWS, J. delivered the opinion of the court. This is a suit on a promisory note against the makers, who plead compensation. In support of this plea, they offered in evidence

an account current, between them and the insolvent, the items of which they attempted to substantiate by witnesses. The account which purports to be taken from items in the books of the defendants, shews a balance in their favor to an amount greater than the note on which the plaintiffs sue, judgment was rendered against them, from which they appealed.

East'n District
May, 1824.

JOHNSTON
vs.
BREEDLOVE
AL.

The decision of the cause depends principally on matters of fact, as exhibited by the evidence. The counsel for the appellants, seemed to rely on the account filed as good evidence against the insolvent; on the ground of both parties being merchants, at the time of making the note and entries in the books; and to this effect he quotes the 230th act of the C. Code, page 308, wherein it is declared that merchants books do not prove against persons who are not in trade, the sale and delivery of articles therein entered. From this mode of expression in the law, it is said that the affirmation must be implied in relation to persons who are in trade. The general rule of the Spanish law, (and it is believed of all laws on the same subject) is, that books of account are not in themselves evidence in favor of those who keep them and make the entries therein.

East'nDistrict.
*May*, 1824.

JOHNSTON
*vs.*
BREEDLOVE &
AL.

*See Curia Phil. Prueba, no. 37, Febre. p. II, b. 3, chap. I, 117, & no. 305, & Part. 3, 18, 121.*

We are of opinion that this principle of evidence is not, and cannot be changed or abrogated by any implication on the article of the code above cited. The account exhibited, which we have admitted by this view of the subject, to be a true extract from the books of the defendants, in itself makes no proof in their favor.

The testimonial proof offered in support of the items therein contained, is not so conclusive on the whole matter, as to establish the balance claimed; when together with this deficiency of evidence on the part of the defendants in the present case, we take into consideration their judicial confession of the debt now sued for, on a former occasion wherein they prayed a respite, &c. no doubt remains on our minds, of the correctness of the judgment of the parish court.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs.

*McCaleb* for the plaintiff, *Nixon* for the defendant.